# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE FEMATT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-cv-1530 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Plaintiff's motion to approve alternative service pursuant to Federal Rule of Civil Procedure 4(e)(1) [38] is granted.

### I. Background

On March 4, 2011, Plaintiff filed this action against Defendants City of Chicago and several individuals. To date, Plaintiff has been unable to effectuate service on one of the individual Defendants, former police officer Keith Herrera. Because Defendant Herrera no longer works for the police department, Plaintiff cannot avail himself of the service process through the Chicago Police Department. Plaintiff's efforts to obtain an address for service on Defendant Herrera through other customary means also have proven unsuccessful. Finally, Plaintiff attempted to serve Herrera through his attorney in another civil action pending in this jurisdiction, *Chagolla v. City of Chicago*, No. 07-cv-4557, but the attorney declined to accept service or to provide Plaintiff with a current address for Defendant Herrera.

### II. Analysis

As the Seventh Circuit has noted, "[a] district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process." *United States v.*

*Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). The Court further reminded district courts that "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Id.*; see also *Equity Residential Properties Mgmt. Corp. v. Nasolo*, 364 Ill. App. 3d 26, 35 (1st Dist. 2006) (holding that a defendant's actual knowledge that an action is pending or that service has been attempted is not the equivalent of service of summons and would not relieve the plaintiff of its burden or vest the court with jurisdiction). In other words, the formalities of service of process under Rule 4 must be observed.

The court of appeals stated that "the preferred approach" to service "is for the plaintiff to mail the defendant a copy of the complaint and summons and obtain a waiver of personal service from the defendant under Rule 4(d)." *Ligas*, 549 F.3d at 500-01. As noted above, Plaintiff has attempted to follow "the preferred approach," but has not been able to obtain a current address for Defendant Herrera. Where, as here, "the defendant does not waive service and no federal statute otherwise supplies a method for service process, then Rule 4(e)'s list of methods is exclusive." *Id.* at 501. Those approved methods include personal service, leaving a copy of the summons and complaint at the defendant's "usual place of abode" with a person of suitable age who resides there, delivering a copy of the complaint and summons to an agent authorized to accept service, or "any other manner of serving process permitted by the law of the state where the district court sits." *Id.*

Here, having been unable to obtain service by mail or in person, Plaintiff has invoked Federal Rule of Civil Procedure 4(e)(1) to request an order permitting service by an alternative method. Rule 4(e)(1) provides that service of a summons and complaint may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district court is located or where service is made." See *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) (explaining that in the absence of rules for service of process set forth in the statute giving rise to the cause of action, "service of process is governed by the law of the state in which the district court is located").

Like federal law, the Illinois Code of Civil Procedure generally permits service on an individual "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a). However, if service is "impractical" under the methods set forth in Section 2-203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1. A motion to approve service under Section 5/2-203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re Schmitt*, 321 Ill. App. 3d 360, 367 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id*. at 367-68.

The language of Section 2-203.1 contemplates the entry of the order "directing a comparable method of service" in advance of the actual service of the summons and complaint. Accordingly, the Court cannot retrospectively place its imprimatur on the prior attempt to serve

Defendant Herrera through his attorneys in the *Chagolla* case. However, in view of the adequate showing of "diligent inquiry" by Plaintiff and its unsuccessful efforts to serve Defendant Herrera notwithstanding Plaintiff's "investigation made to determine the whereabouts of the defendant" and explanation of "the reasons why service is impractical" under the usual rule, the Court finds that this is an appropriate case for an order prospectively authorizing alternative service under 735 ILCS 5/2-203.1.

As the Court previously has explained (see *Hotel Employees & Restaurant Employees Int'l Union Welfare Fund v. Printer's Row, LCC*, 2008 WL 5142187, at *3 (N.D. Ill. Dec. 5, 2008)), at least two of the small handful of published Illinois decisions applying Section 2-203.1 suggest a "comparable method of service" that is readily available to Plaintiffs here and comports with due process where, as here, there is good reason to believe that the defendant is consciously and actively trying to evade service. In one of those cases, *In re Marriage of Schmitt*, 321 Ill. App. 3d 360 (2d Dist. 2001), the petitioner in a marriage dissolution case contended that the respondent was attempting to evade service of process and sought relief under Section 2-203.1 when the customary methods of effecting service had proven unsuccessful. The trial court issued an order authorizing service by leaving a copy of summons and petition with any two of five individuals or entities, including the respondent's mother, an employee of a corporation that the respondent controlled, and two attorneys who previously had represented the respondent.

After the petitioner served the employee and the attorneys and the case proceeded to judgment on the merits, the respondent appealed, arguing (among other things) that the trial court lacked jurisdiction because service was never properly made. *In re Marriage of Schmitt*, 321 Ill. App. 3d at 366-67. The appellate court rejected the respondent's objection to service. *Id.* at 370;

see also *Schmitt v. Schmitt*, 2002 WL 109359, at *1 (N.D. Ill. Jan. 28, 2002) (noting that the trial court approved service of process on respondent's employee and former lawyers and that "the appellate court held that the method of service of process employed in this case was constitutionally permissible"). In so doing, the court at least tacitly endorsed the trial court's decision to permit service on an attorney where service on the attorney's client through the standard methods had proven impossible or impractical. To be sure, in view of the legal proposition that "an attorney's authority to act for a client terminates when the matter for which he has been retained ends" and the fact that both attorneys who were served under Section 2-203.1 submitted affidavits stating that they no longer represented or had any contact with the respondent, the appellate court hinted (though it did not actually decide) that service on the attorneys may not have been appropriate in that case. *In re Marriage of Schmitt*, 321 Ill. App. 3d at 370. But the court's discussion clearly leaves open the possibility of lawfully effectuating service on an attorney who *currently* represents the evasive defendant (or respondent): "[e]ven assuming that service was insufficient on the two attorneys *because they no longer represented respondent or his business*, respondent presents no valid reason why service on [his employee] was not valid." *Id*. (emphasis added). The appellate court then concluded that given the respondent's admission that the person served worked for his company and the principle that "[c]ourts do not favor those who seek to evade service of summons," the plaintiff's service on the respondent's employee "was sufficient to convey notice to respondent" because "it is reasonable to believe that an employee would advise his employer that he had been served on the employer's behalf." *Id*.[1]

---

[1] In *Waller v. Harrison*, service on "an attorney" (among others) where "the defendant's whereabouts remained unknown" was suggested by Justice Kapala in dissent as a superior method to the service by publication that the panel majority upheld. 348 Ill. App. 3d 976, 986-87 (2d Dist. 2004) (Kapala, J., dissenting).

Due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Illinois courts have indicated that service on an attorney for the defendant may suffice as "a comparable method" when service through the traditional methods is "impractical." *In re Marriage of Schmitt*, 321 Ill. App. 3d at 370; *Waller v. Harrison*, 348 Ill. App. 3d 976, 986-87 (2d Dist. 2004) (Kapala, J., dissenting). Here, the record establishes that Defendant Herrera currently is represented by counsel in another action pending in this district, *Chagolla v. City of Chicago*, No. 07-cv-4557. And, as in *Marriage of Schmitt*, "it is reasonable to believe" that an attorney would advise his client that he had been served on the client's behalf. 321 Ill. App. 3d at 370. Accordingly, consistent with Fed. R. Civ. P. 4(e), 735 ILCS 5/2-203.1, and the requirements of due process, this Court authorizes Plaintiff to serve Defendant Herrera with the summons and operative complaint in care of Attorney Phillip Oliver of the Law Office of Robert D. Kuzas, who is Herrera's attorney in the *Chagolla* case. See also *Davis v. Davis*, Order [Docket No. 12], No. 08-cv-2542 (N.D. Ill. Sept. 11, 2008) (approving alternative service including mailing copies of summons and complaint to defendant's home address, posting copies of summons and complaint in entrance lobby to building in which Defendant lived, and delivery of copies of summons and complaint to counsel for defendant in another case); *id.*, Minute Order and Transcript of Proceedings [Docket Nos. 39, 41] (N.D. Ill. July 9, 2009) (rejecting argument that default judgment was void and finding that plaintiff complied with federal and state service requirements, but granting motion to vacate default judgment on grounds of "excusable neglect and good cause for default").

In reaching this decision, the Court shares the views articulated recently by Circuit Judge Evans in similar circumstances: "it is somewhat regrettable that we are squabbling over service of process; [Defendant] was clearly dodging service and gaming the system. But service of process represents an important value on the whole – notice to defendants that they are being sued – even if it seems like a frustrating formality from time to time." *Ligas*, 549 F.3d at 504 (Evans, J., dissenting). As Judge Evans further noted, "service of process laws are designed to ensure defendants receive notice in accordance with concepts of due process," and compliance with Rule 4 is mandatory. *Id.* (citing *United States v. Jiles*, 102 F.3d 278, 282 (7th Cir. 1996), and *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001)). Here, Rule 4(e) authorizes service through any manner permitted by the law of the state where the district court sits, and the cases cited above demonstrate that Illinois law permits service on the defendant's current attorney as a last resort, when the customary and preferred methods have proven "impractical" despite the plaintiff's diligent efforts to use those standard methods, as is the case here.

### III. Conclusion

For the reasons stated above, Plaintiff's motion [38] for an order directing service on Defendant Keith Herrera pursuant to Federal Rule of Civil Procedure 4(e)(1) and 735 ILCS 5/2-203.1 is granted to the extent and pursuant to the directions set forth above. The Court approves service of the summons and operative complaint on Defendant Herrera through the combination of the following methods: (a) mailing a copy of the summons and complaint in a sealed envelope with postage fully prepaid via regular and certified, return receipt requested mail addressed to him in care of Attorney Phillip Oliver at the Law Office of Robert D. Kuzas and (b) delivering by hand a copy of the summons and complaint in a sealed envelope addressed to him in care of Attorney Phillip Oliver at the Law Office of Robert D. Kuzas.

Dated: June 10, 2011

_____
Robert M. Dow, Jr.
United States District Judge