# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1530 | **DATE** | 3/1/2012 |
| **CASE TITLE** | Fematt vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

This matter is before the Court on a motion to dismiss [14] filed by Defendant Jerome Finnigan, a motion to stay discovery [25] filed by the City of Chicago, and a motion to dismiss Plaintiff's *Monell* claim [53] filed by the City. For the reasons set forth below, the Court denies all three motions [14, 25, & 53]. This matter remains set for further status in the district court on 5/10/2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

# STATEMENT

## I. Background

For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). At the time that the complaint was filed, Plaintiff Jose Fematt was a nineteen-year-old resident of Chicago, Illinois. At the time of the incident alleged in his complaint, Plaintiff was thirteen years old and living in the first floor apartment at 2032 North Keeler in Chicago, Illinois with his mother and younger sister. Defendant Officers are former members of the Special Operations Section ("SOS") of the Chicago Police Department, a unit that was ultimately disbanded after investigations by the Cook County State's Attorney and criminal indictments of several SOS members.

On the night of August 12, 2005, Plaintiff was babysitting his four-year-old sister while his mother was at work. While watching television in their pajamas, Defendant Officers broke into Plaintiff's home, pointed guns and him and his sister, handcuffed Plaintiff, interrogated him, and drove him around the neighborhood threatening and terrorizing him in an attempt to gain information about Plaintiff's upstairs neighbor. While one of Defendant Officers drove Plaintiff around, the others ransacked his home, damaging his family's belongings and leaving behind an apartment in total disarray. Defendant Officers finally left Plaintiff with a threat that if he told anyone what he had seen, they would come back and put him in jail. When Plaintiff's mother came home from work and found her frightened son in the ransacked apartment, the family gathered their belongings, left the apartment that night, and never returned. Plaintiff took Defendant Officers' threats seriously, and kept quiet about that night until he received a subpoena from the City of Chicago in the case of *Chagolla v. City of Chicago*, 07 CV 4557, another civil rights lawsuit brought by Plaintiff's then-upstairs neighbor.

**STATEMENT**

Plaintiff filed this lawsuit on March 4, 2011 seeking redress for the wrongs that he allegedly suffered in his encounter with members of the now-disbanded SOS. Plaintiff alleges § 1983 claims against former Special Operations Section ("SOS") Officers Jerome Finnigan, Donovan Markiewicz, Margaret Hopkins, Keith Herrera, William Morales, Timothy Parker, and Paul Zogg for unlawful search, unlawful seizure/false arrest, excessive force, and conspiracy to deprive constitutional rights based upon the alleged events on August 12, 2005. Plaintiff also filed a *Monell* claim against the City, asserting a number of allegations relating specifically to the SOS and the criminal investigation of that unit. Defendant Finnigan has moved to dismiss Plaintiff's complaint as time-barred and vague. Defendant City of Chicago also has moved to dismiss Plaintiff's *Monell* claim, the only claim alleged against the City, because Plaintiff's allegations are so broad and generalized that he impermissibly attempts to hold the City liable under a theory of respondeat superior, rather than on account of a precise policy and practice.

    **A.**    **Defendants' Motion to Stay**

The City moves to stay this case and has been joined in the motion by several Defendant Officers. By way of background on the motion to stay, Defendant Officers Finnigan, Hopkins, Markiewicz, and Herrera, along with other former members of the SOS, were indicted by the State of Illinois. The state indictments contained accusations of armed violence, armed robbery, home invasion, residential burglary, theft, unlawful restraint, obstruction of justice, and official misconduct. In the fall of 2009, Hopkins and Markiewicz pled guilty to certain charges. On April 7, 2011, federal charges were brought against Defendants Finnigan and Herrera, along with two other SOS officers, stemming from the joint federal and state investigation into the SOS. In late April 2011, Defendant Finnigan pled guilty to the federal charges relating to robbery, tax evasion, and a murder for hire scheme and Defendant Herrera pled guilty to federal robbery charges. According to the federal criminal complaint that was filed in Finnigan's criminal case, "there is a federal investigation into the activities of the Special Operations Section."

None of the Defendants who have filed or joined this motion have any pending criminal charges. The motion to stay filed by Defendant City in this case is essentially the same motion it filed in multiple other S.O.S. cases in 2006 and 2007, including the *Chagolla* case. However, Defendants are not in the same positions in 2012 as they were in 2006 and 2007. Neither the state nor the federal government has filed any criminal charges against Defendants Zogg, Parker, or Morales, and there is no evidence of any continuing investigation into their conduct as police officers. All three are still working as Chicago police officers and are represented by the Corporation Counsel's office in this matter. The only two Defendants with pending criminal matters, Herrera and Finnigan, have not filed a motion to stay, nor joined in the City's. On April 19th and 26th, 2011, respectively, both pled guilty to federal charges, concluding all pending federal charges against them. Defendant Finnigan was sentenced in September 2011, and Herrera awaits sentencing following several delays.

Multiple civil lawsuits have been filed against these Defendants. Many of the cases have been resolved; however, as of 2011, there were still several cases pending in federal court against one or more of the Defendants in this case. In every case, Defendants have moved to stay the proceedings. In each case of which the Court is aware, the district court either declined to issue a stay or has lifted any stay that was in place. See, *e.g.*, *Adams v. City of Chicago, Hopkins, Herrera, et. al.*, 06 CV 0856 (Judge Norgle); *Chagolla v. City of Chicago, Herrera, Finnigan, Hopkins, Zogg, Markiewicz, Parker and Morales,* 07 CV 4557 (Judge Kennelly); *Cook v. City of Chicago and Finnigan,* 06 CV 5930 (Judge Gettleman); *Estes v. Herrera, Finnigan, Hopkins, Parker, Morales and Markiewicz*, 07 CV 5386 (Judge Zagel); *Morales-Palencia v. City of Chicago, Finnigan, et. al.,* 08 CV 5365 (Judge Kocoras); *Padilla, et. al., v. City of Chicago, Herrera,*

**STATEMENT**

*Hopkins, Zogg, Markiewicz, Parker, Morales, et. al.,* 06 CV 5462 (Judge Shadur); *Castro v. City of Chicago, Finnigan, Herrera, et. al.,* 07 CV 931 (Judge Dow); *Gutierrez, et. al., v. City of Chicago, Finnigan, et. al.,* 06 CV 4338 (Judge Norgle); and *Wisniewski, et. al. v. City of Chicago, et. al.,* 07 CV 6775 (Judge Norgle). The Court follows the reasoning advanced in these cases, including this Court's reasoning in *Castro*, and concludes that a stay of this matter is not warranted. With that said, the Court recognizes that the pending motion to disqualify Plaintiff's counsel [66] – which has been referred to Magistrate Judge Keys for ruling – will affect the speed with which the parties may proceed with discovery, at least until that motion is resolved.

  **B.**  **Motions to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

    *1.*  *Defendant Finnigan's motion to dismiss*

In his complaint, Plaintiff has set forth five federal claims: false arrest and unlawful search (Counts I and II); excessive force (Count III); a § 1983 conspiracy claim (Count IV); and a *Monell* policy claim (Count V). Defendant Finnigan asserts that Plaintiff's complaint should be dismissed because it was not filed within the two-year statute of limitations period for bringing civil rights claims.

In assessing whether a complaint has been timely filed, a federal court must consider relevant federal and state laws. In general, federal law determines when an action accrues, while the law of the state where the injury occurred determines the applicable statute of limitations and any tolling provisions. *Doe v. Bd. of Educ. of Hononegah Community High School Dist. No. 207*, 833 F. Supp. 1366, 1375 (N.D. Ill. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). Under federal law, his claim accrued on August 12, 2005, when he was thirteen years old but, pursuant to Illinois law, the statute of limitations period was tolled until he turned eighteen years old, at which time the two-year statute of limitations for bringing civil rights claims began to run. See 735 ILCS 5/13-202 & 5/13-211; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Accepting the allegations in Plaintiff's complaint, he filed this lawsuit on March 4, 2011, at the age of nineteen, clearly within two years of reaching the age of majority.

Defendant also challenges Plaintiff's complaint as "non-specific" and "vague." To the contrary, Plaintiff has sufficiently pled the facts necessary to state a cause of action against Defendant Finnigan and his complaint comports with the pleading requirements contained in Federal Rule of Civil Procedure 8. In order to state a cognizable claim under § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C.A. § 1983;

**STATEMENT**

*Christensen v. County of Boone, IL*, 483 F.3d 454 (7th Cir. 2007). Like other federal claims, § 1983 actions are subject to the notice pleading requirements provided for in Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Under this notice pleading standard, specific facts are not necessary and all that need be specified are facts necessary to put the defendant on notice of what the claim is and the grounds upon which it rests so that he can file an answer. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

On the face of his complaint, Plaintiff alleges that a group of Chicago Police Officers acted to deprive him of his constitutional rights on August 12, 2005, in unlawfully searching his person and his apartment without a warrant or other legal justification, unlawfully seizing his person without a warrant or legal justification, intentionally exerting excessive force on his person, and conspiring among them to deprive Plaintiff of his Constitutional rights. Plaintiff makes clear in the introductory paragraph of his complaint that Defendant Finnigan is included in this group of wrongdoers, putting him on notice of which claims apply to him. Plaintiff further provides Defendant Finnigan with ample factual bases in support of these claims. In not less than twenty-five separate paragraphs, Plaintiff describes in sufficient factual detail the unlawful actions of Defendant Officers who invaded his home, searched his person and apartment, placed him in handcuffs without justification, and used force upon him on August 12, 2005 in violation of his rights as secured by the Constitution of the United States. Compl. at ¶¶ 7-31. Defendant Finnigan's motion to dismiss [14] is denied.

 2. *The City's motion to dismiss*

To impose § 1983 liability on government entities, as requested in Count V, Plaintiff must establish the existence of an official policy or custom on one of three theories: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Phelan v. Cook County,* 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville*, 111 F.3d 544, 548 (7th Cir. 1997)); see *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978). Plaintiff is not required to meet a heightened pleading standard for a § 1983 official-capacity claim. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993); *Simpson v. Nickel,* 450 F.3d 303, 306 (7th Cir. 2006). Thus, Plaintiff need not plead particular facts upon which he bases his claim of an official policy or custom, and a "short and plain statement" that a government entity's official policy or custom caused his injury is sufficient to survive a motion to dismiss. *Id.;* see Fed. R. Civ. P. 8(a)(2).

Plaintiff's complaint sufficiently alleges official capacity liability under § 1983. Plaintiff alleges that Defendant Officers worked together as part of the SOS of the CPD. Plaintiff further alleges that officers assigned to the SOS were given free range by the CPD to violate the law in order to bring in high numbers of arrests, guns, and drugs. For example, the unit's Operating Procedure manual specifically stated that officers who did not have high enough productivity (bringing in arrests, guns, etc.) would be removed from the unit. Plaintiff alleges that, to meet the CPD's goal, the SOS officers were allowed to abuse citizens and the criminal court processes by, among other things, using excessive force, making false arrests and police reports, stealing, fabricating and/or withholding evidence, and illegally searching homes and property. The complaint alleges that the SOS employed these practices openly and with impunity and members were encouraged to do so by their supervisors. The complaint also describes specific instructions given to SOS members by their supervisors on how to respond to complaints about their conduct.

**STATEMENT**

Plaintiff alleges that the City maintains a *de facto* policy, practice, and custom of failing to properly train, supervise, discipline, and control its officers, which was the moving force behind the violations of the Plaintiffs' constitutional rights, and that the policymakers for the City on police issues regarding misconduct, discipline, and control are the City Council's Committee on Police and the superintendent of the CPD. Plaintiff alleges awareness on the part of the policymakers, giving several examples of their knowledge of police misconduct and their failure to take action. See, *e.g.*, Compl. at ¶¶ 47-62.

Plaintiff's complaint "give[s] enough details about the [*Monell* claim] to present a story that holds together." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010). The allegations here "'give the defendant fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations make plain that Plaintiff is seeking to hold the City liable for its own conduct in causing Plaintiff's constitutional violations through its deliberate indifference to the pattern of misconduct within the SOS and the Department's failure to adequately discipline and control officers who engage in patterns of misconduct. The factual allegations lend support to that theory.

The City has failed to cite any persuasive case law requiring more than the ample allegations provided by Plaintiff at the pleading stage. Certainly, proving these allegations will require much more, but Plaintiff need only allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" of the City's liability. *Twombly*, 550 U.S. at 556. The Seventh Circuit explained that this "[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted). The City's motion to dismiss [53] is denied.

This matter remains set for further status in the district court on 5/10/2012 at 9:00 a.m.